IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

THE SILVERFERN GROUP,

       Plaintiff,

v.                                                                                  Civil Action No. 06CV15404 (LBS)

ePALS CLASSROOM EXCHANGE, INC.,

       Defendant.

---

## ANSWER AND COUNTERCLAIM

ePALS Classroom Exchange, Inc. ("ePALS") states the following as its Answer and Counterclaim to the Amended Complaint of plaintiff The Silverfern Group ("Silverfern"):

    1.    The allegations in Paragraph 1 call for legal conclusions to which no response is required. To the extent a response is required, ePALS denies the allegations in Paragraph 1.

    2.    ePALS admits that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000, exclusive of interest and costs, but denies the remaining allegations in Paragraph 2.

    3.    ePALS admits that venue is proper in this District, but denies the remaining allegations in Paragraph 3.

    4.    ePALS admits that Silverfern purports to provide advisory and investment bank services, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4, and therefore denies them.

    5.    ePALS admits that it is a Delaware corporation, but denies the remaining allegations in Paragraph 5.

6. ePALS admits that it entered into an agreement dated January 4, 2005, with plaintiff, but denies the remaining allegations in Paragraph 6.

7. ePALS denies plaintiff's characterization of the document and the allegations in Paragraph 7.

8. ePALS denies the allegations in Paragraph 8.

9. ePALS denies the allegations in Paragraph 9.

10. ePALS denies the allegations in Paragraph 10.

11. ePALS admits that ePALS Classroom paid Silverfern $50,000, but denies the remaining allegations in Paragraph 11.

12. ePALS admits that ePALS Classroom received an invoice from Silverfern for $554,887.77, but denies the remaining allegations in Paragraph 12.

13. ePALS denies the allegations in Paragraph 13.

14. ePALS denies the allegations in Paragraph 14.

15. ePALS denies plaintiff's characterization of the document and the allegations in Paragraph 15.

16. ePALS denies the allegations in Paragraph 16.

## COUNT I

17. ePALS reasserts and incorporates by reference its answers to Paragraphs 1 through 16 above as if fully set forth herein.

18. ePALS denies the allegations in Paragraph 18.

## COUNT II

19. ePALS reasserts and incorporates by reference its answers to Paragraphs 1 through 18 above as if fully set forth herein.

20. ePALS admits that ePALS Classroom received an invoice from Silverfern for $554,887.77, but denies the remaining allegations in Paragraph 20.

21. ePALS denies the allegations in Paragraph 21 and the prayer for relief.

22. All allegations not admitted specifically above are denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred by the doctrine of estoppel.

2. Plaintiff's claims are barred by the doctrine of waiver.

3. Plaintiff's material breach of the agreement relieves ePALS from performing its obligations under the agreement.

4. ePALS is entitled to a credit, set-off and/or recoupment of all amounts already paid to plaintiff or otherwise due as damages based on the claims set forth in ePALS' Counterclaim.

5. ePALS reserves the right to rely upon all other defenses that may become applicable or available.

WHEREFORE, ePALS respectfully requests that the Court dismiss the Amended Complaint with prejudice and award ePALS the costs and expenses that it incurs in having to defend this matter.

## COUNTERCLAIM

### Parties

1. ePALS is a Delaware corporation with its principal place of business in Herndon, Virginia. ePALS provides learning programs and collaborative technologies, such as email and web logs, to K-12 school and home markets.

2.  Upon information and belief, Silverfern is a New York corporation with its principal place of business in New York, New York. Silverfern purports to provide advisory and investment bank services.

## Jurisdiction and Venue

3.  Jurisdiction in this Court is appropriate under 28 U.S.C. § 1332(a)(1) because the parties in this action are citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4.  Venue is appropriate in this Court under 28 U.S.C. § 1391(a)(1) because Silverfern resides in the Southern District of New York.

## Facts

5.  On or about January 4, 2005, Silverfern presented ePALS with a signed letter agreement, drafted by Silverfern, in which Silverfern agreed to provide certain advisory and investment banking services in anticipation of a potential sale of ePALS ("Agreement").

6.  Section 1(a) of the Agreement obligated Silverfern to "familiarize itself with the business, operations, financial condition and prospects of ePALS."

7.  Section 1(e) of the Agreement obligated Silverfern to advise and "assist ePALS in developing and implementing a general strategy for accomplishing a Transaction."

8.  Section 1(i) of the Agreement obligated Silverfern to conduct an appropriate investigation for the purpose of rendering an opinion on the fairness of the potential transaction.

9.  Silverfern's repeated assurances to ePALS that Silverfern could, and would, competently perform these services induced ePALS to sign the Agreement on or about January 7, 2005.

10. In 2006, ePALS and In2Books, Inc. ("In2Books") began discussing a merger of the two companies. Notably, Silverfern did not intoduce ePALS to In2Books, did virtually nothing of substance on the merger, and failed to perform the tasks that it was obligated to perform under Section 1 of the Agreement.

11. ePALS and In2Books were prepared to close this transaction by the end of October 2006. The merger did not close in October 2006, however, because Silverfern's gross negligence and material breach of its obligations under the Agreement directly resulted in delays, lost profits, added costs, and an uncertainty that the merger would ever take place.

12. Silverfern materially breached the Agreement because it failed to meet its contractual obligations to, among other things, (a) familiarize itself with the business, operations, financial condition and prospects of ePALS, (b) advise and assist ePALS in developing and implementing a general strategy for accomplishing a Transaction, and (c) to conduct an appropriate investigation in connection with the fairness opinion for the potential transaction. Silverfern, a purported advisor and investment banker, was grossly negligent and breached these contractual obligations because it failed to recognize, identify, investigate, and familiarize itself with the serious problems concerning the capitalization structure and financial condition of ePALS. ePALS made available to Silverfern all the information Silverfern requested in performing its services.

13. Silverfern should have undertaken an investigation of, and familiarized itself with, ePALS's capitalization and financial structure. A Silverfern representative sat on the ePALS Board of Directors and thus at all relevant times Silverfern had access to, and knowledge of, all the information necessary to perform the services Silverfern was obligated to perform under the Agreement, including the relevant information about ePALS's financial and capitalization

structure. Silverfern's failure to do so delayed the merger and made the merger significantly more expensive.

14. Had Silverfern not been grossly negligent and timely identified these problems with the capitalization and financial structure of ePALS as Silverfern was required to do under the Agreement, ePALS could have avoided missing the original closing date of the merger and the significant damages resulting from this delay and Silverfern's breaches of the Agreement. Instead, Silverfern assured ePALS and In2Books that ePALS was ready for sale when it was not.

15. The merger ultimately closed on or about December 15, 2006. I-EP Acquisition Corporation, a subsidiary of In2Books, merged with and into ePALS, with ePALS surviving and becoming a wholly-owned subsidiary of In2Books. In2Books later changed its name to ePALS, Inc.

16. Silverfern's material breaches of the Agreement damaged ePALS.

17. Section 8 of the Agreement does not apply or extend indemnification to this case. Alternatively, Section 8 requires Silverfern to pay ePALS the attorney's fees and costs incurred by ePALS in connection with this counterclaim and Silverfern's amended complaint.

## COUNT I
### (Breach of Contract)

18. ePALS reasserts and incorporates by reference its allegations in Paragraphs 1-17 as if set forth in their entirety.

19. Among other things, the Agreement imposed duties on Silverfern to: (a) familiarize itself with the business, operations, financial condition and prospects of ePALS, (b) advise and assist ePALS in developing and implementing a general strategy for accomplishing a Transaction, and (c) conduct an appropriate investigation for the purpose of rendering an opinion on the fairness of the potential transaction.

6

20. By the actions described above, Silverfern materially breached these express contractual duties, among others.

21. By the actions described above, Silverfern materially breached the duty of good faith and fair dealing that is implied by New York law into every contract, including the Agreement.

22. By the actions described above, Silverfern materially breached the duty of reasonable care that is implied by New York law into every contract for services, such as the Agreement.

23. Silverfern's actions and material breaches of the Agreement were grossly negligent.

24. ePALS complied with all its obligations under the Agreement.

25. As a direct result of Silverfern's breaches, ePALS has suffered money damages in an amount to be determined at trial but not less than $75,000, exclusive of interest and costs.

**PRAYER FOR RELIEF**

WHEREFORE, ePALS respectfully requests that this Court enter judgment in its favor against Silverfern by:

(1) Awarding ePALS money damages in an amount to be determined at trial;

(2) Awarding ePALS prejudgment and post-judgment interest;

(3) Awarding ePALS -- in the alternative to ePALS' claim that Section 8 of the Agreement does not apply or extend indemnification to this case -- all costs and expenses associated with this action, including reasonable attorney's fees, in accordance with Section 8 of the Agreement; and

(4) Awarding ePALS any other relief that the Court considers just and appropriate.

ePALS CLASSROOM EXCHANGE, INC.
By Counsel

COOLEY GODWARD KRONISH LLP
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275

By: _____
    Maxine Sleeper (MS-9533)

Robert T. Cahill
Craig A. Guthery
COOLEY GODWARD KRONISH LLP
11951 Freedom Drive
Reston, Virginia 20190
Telephone: (703) 456-8000
Facsimile: (703) 456-8100

Attorneys for ePALS Classroom Exchange, Inc.

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing was sent by first-class mail, postage prepaid, this 24th day of January 2007 to:

Lawrence E. Tofel, Esq.
TOFEL & PARTNERS, LLP
800 Third Avenue, 12th Floor
New York, NY 10022
(212) 752-0007

Counsel for Plaintiff

_____
Maxine Sleeper

313150 RE