UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
THE SILVERFERN GROUP, INC., : CIVIL ACTION NO.
: 06CV15404
                Plaintiff, :
:
        v. : **PLAINTIFF'S REPLY**
: **TO DEFENDANT'S**
ePALS CLASSROOM EXCHANGE, : **COUNTERCLAIM**
INC., :
:
                Defendant. :
------------------------------------------------------------X

    Plaintiff The Silverfern Group, Inc. ("Silverfern"), by its undersigned counsel, submits this reply to defendant's counterclaim and, responding to the numbered paragraphs thereof, respectfully alleges as follows:

    1.    denies having knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1, except admits, upon information and belief, that ePALS is a Delaware corporation;

    2.    admits the allegations outlined in paragraphs 2, 3 and 4;

    3.    responding to paragraphs 5, 6, 7, 8, 9 and 19, denies the allegations contained therein, except admits that Silverfern and ePALS entered into a written agreement dated January 4, 2005, a copy of which is annexed to the amended complaint as Exhibit A, and refers the Court and parties to that agreement for its meaning, terms and effect;

    4.    denies the allegations contained in paragraphs 10, 11, 12, 13, 14, 16, 17, 20, 21, 22, 23, 24 and 25;

5. denies having information sufficient to form a belief as to the truth or falsity of the allegations contained in the second and third sentences of paragraph 15, and, upon information and belief, admits the allegations contained in the first sentence of paragraph 15;

6. responding to paragraph 18, reasserts and incorporates by reference, each of the foregoing responses to paragraphs 1-17 as if set forth hereof in their entirety;

## FIRST AFFIRMATIVE DEFENSE

7. Silverfern affirmatively avers that prior to the consummation of the merger, defendant never complained to plaintiff about its performance under the parties' agreement, never claimed that plaintiff had breached the agreement, never sought to or did terminate that agreement, and never claimed that plaintiff had not earned the fee reflected in its October 23, 2006 invoice (Exhibit B to amended complaint). By reason of the foregoing, defendant has waived any right to assert, and is estopped from asserting, its counterclaim hereto.

## SECOND AFFIRMATIVE DEFENSE

8. Silverfern affirmatively avers that prior to the consummation of the merger, defendant never complained to plaintiff about its performance under the parties' agreement, never claimed that plaintiff had breached the agreement, never sought to or did terminate that agreement, and never claimed that plaintiff had not earned the fee reflected in its October 23, 2006 invoice

(Exhibit B to amended complaint). Defendant's claims are thus barred by the doctrines of waiver, laches, and/or estoppel.

### THIRD AFFIRMATIVE DEFENSE

9. Defendant's counterclaim fails to state a claim on which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE

10. Silverfern further avers that, by reason of the foregoing and pre-litigation discussions, defendant's allegations and claims are knowingly frivolous, made in bad faith for the purposes of delaying enforcement of plaintiff's contract rights and to increase its costs of collection, are wanting and devoid of any factual or legal basis, and that, as a result thereof, appropriate sanctions and penalties, under FRCP Rule 11, 28 USC § 1927 and otherwise, should be imposed upon defendant and its counsel.

WHEREFORE, the counterclaim should be dismissed and judgment in favor of plaintiff on its claims against defendant should be entered, together with such other and further relief as the Court may deem appropriate.

Dated:    New York, NY
          January 31, 2007

                                TOFEL & PARTNERS, LLP

                                By: _____
                                    Lawrence E. Tofel (LET-8631)
                                800 Third Avenue, 12th Floor
                                New York, NY  10022
                                (212) 752-0007

                                *Attorneys for Plaintiff*

To:  Maxine Sleeper, Esq.
     Cooley Godward Kronish LLP
     1114 Avenue of the Americas
     New York, NY  10036

*Attorneys for Defendant*