UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X
THE SILVERFERN GROUP, INC.,                :   CIVIL ACTION NO.
                                           :   06CV15404
                Plaintiff,                 :
                                           :
        v.                                 :
                                           :
ePALS CLASSROOM EXCHANGE,                  :
INC.,                                      :
                                           :
                Defendant.                 :
-------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR JUDGMENT
ON THE PLEADINGS, OR IN THE ALTERNATIVE
SUMMARY JUDGMENT**

Plaintiff, The Silverfern Group, Inc. ("Silverfern"), by its undersigned counsel, respectfully submits this memorandum of law in support of its motion for judgment on the pleadings, or in the alternative, summary judgment.

Silverfern has been required to sue in order to recover the fees and other amounts due it under and pursuant to Silverfern's written agreement with defendant ePALS Classroom Exchange, Inc. ("ePALS"). In accordance with the principles set forth in, and which governed the determination of, Judge Cedarbaums' decision in Lazard Freres & Co. v. Crown Sterling Management, Inc., 901 F.Supp. 133 (S.D.N.Y. 1995), Silverfern is entitled to judgment on the pleadings or, in the alternative, summary judgment in its favor.

The facts supporting Silverfern's motion are set forth in the pleadings, the affidavit of Silverfern's Chairman and Chief Executive Officer, Clive R.

Holmes, sworn to February 15, 2007 ("Holmes Aff."), and the exhibits annexed thereto. Those facts make clear that (i) ePALS retained Silverfern to provide investment banking services to ePALS (Holmes Aff. ¶¶3,4; Ex.A); (ii) ePALS agreed to pay Silverfern a fee if it (ePALS) engaged in a transaction (*Id.*); (iii) ePALS did not terminate Silverfern's services (Holmes Aff. ¶9); and (iv) ePALS engaged in and closed the transaction it had retained Silverfern to identify (Holmes Aff. ¶6; Ex.B). Not until after that transaction closed and this lawsuit was commenced did ePALS first question or object to Silverfern's entitlement to its fees. ePALS' breach of its written agreement is clear and Silverfern's entitlement to be paid equally so. Under well-settled principles of law, Silverfern is entitled to judgment.

## POINT ONE

### ePALS NEVER ADVISED SILVERFERN OF ANY DISPUTE OVER ITS PERFORMANCE, ELECTED NOT TO TERMINATE THE AGREEMENT, CONSUMMATED ITS MERGER, AND IS NOW BARRED FROM ASSERTING ITS PURPORTED DEFENSES AND COUNTERCLAIMS

In Lazard Freres, Judge Cedarbaum examined a fact pattern virtually identical to the one in this case, in a procedural posture also virtually identical to the one here. Lazard Freres was an investment banking firm which, like Silverfern in this case, had a written agreement that provided for the payment of a fee upon the closing of certain transactions, irrespective of the investment banker's actual involvement, or not, in such transaction. Lazard Freres, 901 F.Supp. at 134. In that case, the contemplated transaction occurred;

thereafter, the client (Crown Sterling) purported to "terminate" the written agreement and refused to pay Lazard's fees due under the agreement.[1] Lazard sued and, when Crown Sterling interposed defenses and counterclaims grounded on allegations of breach and nonperformance by Lazard, Lazard moved for judgment in the pleadings, which motion was converted to a motion for summary judgment.

District Judge Cedarbaum decided the matter in Lazard's favor, and ruled that Lazard was entitled to the immediate and expeditious entry of judgment in its favor. The linchpin of Judge Cedarbaum's determination was her conclusion that Crown Sterling never indicated, prior to the closings that gave rise to Lazard's right to collect fees under the agreement, that it considered Lazard in breach or in default of its written fee agreement. Lazard, 901 F.Supp. at 136. Crown never "communicated to Lazard its dissatisfaction prior to the 'disengagement' letter of April, 1994." Id. (In the case at bar, ePALS never "communicated" such "dissatisfaction", until after Silverfern commenced this action.[2]) This failure on Crown's part, Judge Cedarbaum held, constituted on Crown's part an election to waive the alleged breach, which operated to bar Crown's defenses to Lazard's claims. Id.[3]

---

[1] Here, ePALS never terminated Silverfern or complained in any way. Rather, it closed its merger-transaction and then simply refused to pay, never expressing any complaint or objection to Silverfern's services until after Silverfern sued.

[2] In this case neither party has to date specifically invoked the "termination" provisions set forth in Section 4 of the agreement.

[3] See also Fleet Boston Robert Son Stephens, Inc. v. Innovex, Inc., 172 F.Supp. 2d 1190, 1198 (D. Minn. 2001) (financial services firm was entitled to collect fee despite client's claims of breach and nonperformance, when client elected to continue with and complete transaction

{00023736.}                              3

This case is substantially identical. ePALS (and its corporate parent, In2Books, Inc.), utilized the services of Silverfern, never complained about or terminated Silverfern's services, completed their merger, and then failed to pay Silverfern its fee. Only after Silverfern sued for its fee did ePALS claim that Silverfern breached or failed to perform. Having accepted the benefits of Silverfern's performance by consummating its merger and thus incurring liability for Silverfern's fee, ePALS elected to waive any such undeclared breach or nonperformance by Silverfern as it now alleges. In sum, ePALS is barred from asserting its putative defenses to Silverfern's claim herein.

As with the case at bar, Judge Cedarbaum also noted that the banker's client's "counterclaims...appear to be interposed primarily for the purpose of delaying judgment on [the banker's] claim for fees." Lazard, 901 F.Supp. at 138. ePALS' counterclaims are similarly interposed for that improper purpose. It is clear in this case that ePALS' counterclaims fail for the same reason its defenses fail. Having elected to proceed with its merger transaction and to waive the breaches and failures by Silverfern which it now belatedly claims occurred, ePALS is barred from asserting counterclaims grounded in breach of contract, based on such allegations.

## CONCLUSIONS

The motion should be granted; ePALS' defenses and counterclaims should be dismissed and judgment summarily and expeditiously entered in Silverfern's favor, together with an award to Silverfern of its attorney's fees and

---

despite claims of breach) (citing Lazard Freres); Times Mirror Magazines, Inc. v. Field & Stream Licenses Co., 103 F.Supp. 2d 711, 736 (S.D.N.Y. 2000).

expenses incurred herein, both under the express terms of the agreement (¶ Sections 3 and 8 thereof) and otherwise, and such other and further relief as the Court may deem appropriate.[4]

Dated: New York, NY
    February 15, 2007

            TOFEL & PARTNERS, LLP

            By: _____
              Lawrence E. Tofel
            800 Third Avenue, 12th Floor
            New York, NY 10022
            (212) 752-0007

            *Attorneys for Plaintiff*

To: Maxine Sleeper, Esq.
   Cooley Godward Kronish LLP
   1114 Avenue of the Americas
   New York, NY 10036

   *Attorneys for Defendant*

---

[4] Silverfern reserves the right to file a separate motion or motions, or to make any other appropriate application, under FRCP Rule 11, 28 USC § 1927, or otherwise, seeking additional recovery against ePALS and its counsel.