UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

THE SILVERFERN GROUP, INC.,            :      CIVIL ACTION NO.
                                       :      06CV15404
                  Plaintiff,           :
                                       :
            v.                         :
                                       :
ePALS CLASSROOM EXCHANGE,              :
INC.,                                  :
                                       :
                  Defendant.           :
------------------------------------------------------X

**PLAINTIFF'S STATEMENT, PURSUANT
TO LOCAL RULE 56.1, OF MATERIAL
FACTS AS TO WHICH THERE IS NO
<u>GENUINE DISPUTE</u>**

Pursuant to Local Rule 56.1, plaintiff The Silverfern Group, Inc. ("Silverfern"), by its undersigned counsel, respectfully submits this statement, of material facts as to which there is no genuine dispute.

1.    On or about January 4, 2005, plaintiff The Silverfern Group, Inc. ("Silverfern") and defendant ePALS Classroom Exchange, Inc. ("ePALS") entered into a written agreement (the "Agreement").

2.    The Agreement provided, *inter alia*, for Silverfern to provide certain advisory and investment banking services with respect to ePALS' exploration of strategic alternatives, including a merger, and for ePALS to pay fees and expenses to Silverfern in accordance with the terms thereof.  (Holmes Aff., ¶ 3,4; Ex. A)

{00023746.}

3.    As a result of, *inter alia,* Silverfern's work, labor and services, ePALS planned, negotiated and, on or about December 15, 2006, consummated a merger. (Holmes Aff., ¶ 6, Ex. B)

4.    The fee due to Silverfern under the Agreement (section 2 thereof) was and is $600,000.00, of which a $50,000.00 retainer previously was paid by ePALS to Silverfern.

5.    Additionally, Silverfern incurred $4,887.77 in expenses properly compensable under the Agreement (section 3 thereof).

6.    On or about October 23, 2006 Silverfern rendered and delivered to ePALS its invoice for the total amount of $554,887.77, including the fee "due on closing", with instructions for wire transfer of said funds.

7.    ePALS received and retained Silverfern's invoice without ever making any objection thereto, other than to offer various proposals to Silverfern and others (e.g. lawyers and accountants) to reduce their fees and the costs of the merger transaction. (Holmes Aff., ¶ 7, Ex. C)

8.    ePALS acknowledged its obligation to Silverfern, in writing signed by its chief executive officer, and never contested that obligation prior to the December 15, 2006 closing. (Holmes Aff., ¶ 8-11, Ex. G)

9.    Silverfern commenced this action promptly after ePALS breached the Agreement by failing to pay Silverfern at the time of closing of the merger.

10.    ePALS has responded to Silverfern's complaint, asserting defenses and a counterclaim, alleging that Silverfern breached the Agreement.

{00023746.}

11.    ePALS failed to assert any such defenses or otherwise to claim any problem with Silverfern's performance under the Agreement, until after the December 15 merger closing, and indeed until after Silverfern commenced this action.

12.    ePALS did not register or voice the complaints or issues raised in its answer or counterclaims prior to the December 15 closing.  (*Id.*)

13.    Prior to defendant's breach and failure to pay Silverfern its fee due upon the December 15, 2006 closing, neither plaintiff nor defendant ever terminated the Agreement, and the Agreement remained in force.  (Holmes Aff., ¶ 9)

14.    In the written correspondence between and among Silverfern and ePALS prior to the closing, ePALS requested Silverfern to lower its fee and discussed who would be paying the fee and by what means – but they never stated or even suggested that Silverfern was not entitled to or had not earned that fee, or that Silverfern had failed to perform any obligation it had under the agreement.  (Holmes Aff., ¶ 8-11, Ex. D-H)

15.    Notwithstanding closing of a Sale (as defined in the Agreement) on or about December 15, 2006, ePALS has failed and refused to pay to Silverfern its commissions, fees and expenses rightfully and legitimately due and payable under and pursuant to the Agreement.  (Holmes Aff., ¶ 12)

{00023746.}

Dated:    New York, NY
          February 15, 2007

TOFEL & PARTNERS, LLP

By: _____
      Lawrence E. Tofel
800 Third Avenue, 12th Floor
New York, NY  10022
(212) 752-0007
*Attorneys for Plaintiff*

To:    Maxine Sleeper, Esq.
      Cooley Godward Kronish LLP
      1114 Avenue of the Americas
      New York, NY  10036

      *Attorneys for Defendant*

{00023746.}