UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE SILVERFERN GROUP, INC.,

                              *Plaintiff,*

     - *against* -                        Case No. 06 CV 15404 (LBS)

ePALS CLASSROOM EXCHANGE, INC.,

                              *Defendants.*

---

**DEFENDANT'S LOCAL CIVIL RULE 56.1 OPPOSITION TO PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS**

---

**SCHLAM STONE & DOLAN LLP**
James C. Sherwood (JCS-6391)
Andrew S. Harris (AH-1014)
26 Broadway
New York, New York 10004
(212) 344-5400 (telephone)
(212) 344-7677 (facsimile)

Pursuant to Rule 56.1 of the Local Civil Rules of this Court, defendant ePALS Classroom Exchange, Inc. ("ePALS"), by their undersigned counsel, submits this Counter-Statement of disputed facts in response to the statement of undisputed facts submitted by Plaintiff Silverfern Group, Inc. ("Silverfern") in support of its motion for summary judgment. The general nature of the objections to Silverfern's contentions is explained in the accompanying Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment. Specific objections follow.

1. Not disputed.

2. Not disputed.

3. Disputed. ePALS admits that ePALS and In2Books, Inc. closed a merger on December 15, 2006. ePALS submits that this closing date was six weeks later than had been planned—a delay which was caused by Silverfern's failure to adequately perform the services it owed ePALS and that this delay damaged ePALS. *See* Cytyrnbaum Decl. ¶¶ 6-7, 9; DiScipio Decl. ¶ 10; Fish Aff. ¶¶ 5-6, 8; Wallace Aff. ¶¶ 3. ePALS submits that Silverfern has failed to provide any evidence that its "work, labor and services" substantively helped ePALS plan, negotiate and close the transaction. Silverfern had no role in introducing ePALS and I2B. *See* DiScipio Decl. ¶ 7; Ewert Decl. ¶ 6. Silverfern made an unauthorized offer to an ePALS shareholder/creditor with whom ePALS was negotiating, that lead to greater delay and higher costs. *See* DiScipio Decl. ¶ 9.

4. Disputed. ePALS admits that the fee due Silverfern under the Agreement would have been $600,000 had Silverfern adequately performed, but claims that Silverfern's performance was deficient, that this caused significant harm to ePALS and that Silverfern's fees should be reduced accordingly. *See* Cytyrnbaum Decl. ¶¶ 6-7, 9; DiScipio Decl. ¶¶ 9-10; Fish Aff. ¶¶ 6, 8; Wallace Aff. ¶¶ 4-6.

5. Not disputed only because ePALS has taken no discovery. ePALS submits that it has currently lacks evidence from which to determine whether Silverfern "properly" incurred $4,887,7 in expenses so as to be compensated for these expenses under the Agreement, and reserves its right to dispute this contention after discovery.

6. Not disputed.

7. Disputed. ePALS repeatedly told Silverfern of its objections to Silverfern's requested fee based on the poor quality and quantity of its work and the damages it caused ePALS to suffer, and that this should be reflected in Silverfern's fees. *See* Cytyrnbaum Decl. ¶¶ 9-10, 9; DiScipio Decl. ¶¶ 6-7, 9-10, 13-14; Fish Aff. ¶¶ 6, 8.

2

8. Disputed. ePALS repeatedly told Silverfern of its objections to Silverfern's requested fee based on the poor quality and quantity of its work and the damages it caused ePALS to suffer, and that this should be reflected in Silverfern's fees. *See* Cytyrnbaum Decl. ¶¶ 9-10, 9; DiScipio Decl. ¶¶ 6-7, 9-10, 13-14; Fish Aff. ¶¶ 6, 8. ePALS' former chief executive officer, Jonathan Ewert, wrote to Clive Holmes in a letter dated December 1, 2006, that the amount which ePALS would pay Silverfern for its services was "TBD"—*i.e.*, to be determined, thereby disagreeing with Silverfern's fee claim. *See* Ewert Decl. ¶ 7.

9. Disputed. Silverfern statement that ePALS "breached the Agreement" fails to cite to any admissible evidence. ePALS claims that Silverfern breached the Agreement by its poor performance. *See* Cytyrnbaum Decl. ¶ 7; DiScipio Decl. ¶¶ 5-7, 9-10, 13-14; Fish Aff. ¶¶ 5-6, 8.

10. Not disputed. ePALS' counterclaims include: material breach of the express terms of the contract, material breach of the duty of good faith and fair dealing, and material breach of the duty of reasonable care. ePALS has alleged that these material breaches were grossly negligent. *See* ePALS' Answer and Counterclaim.

11. Disputed. Silverfern's statement fails to cite to any admissible evidence. ePALS repeatedly told Silverfern of the problems with its performance before the December 15, 2006 merger closing. *See* Cytyrnbaum Decl. ¶¶ 7, 9; DiScipio Decl. ¶¶ 9-10, 12-14; Fish Aff. ¶¶ 6, 8.

12. Disputed. Silverfern's statement fails to cite to any admissible evidence. ePALS repeatedly told Silverfern of the problems with its performance before the December 15, 2006 merger closing. *See* Cytyrnbaum Decl. ¶¶ 7, 9; DiScipio Decl. ¶¶ 9-10, 12-14; Fish Aff. ¶¶ 6, 8.

13. Disputed. Silverfern fails to cite to any admissible evidence that ePALS breached the contract and failed to pay Silverfern what it was owed. ePALS admits that neither party gave written notice of termination of the Agreement.

14. Disputed. ePALS cannot state at this stage what all the written correspondence between the parties indicates. Moreover, ePALS submits that in oral communication Silverfern was repeatedly told that it had failed to perform its obligations. *See* Cytyrnbaum Decl. ¶¶ 7, 9; DiScipio Decl. ¶¶ 9-10, 12-14; Fish Aff. ¶¶ 6, 8.

15. Disputed. ePALS submits that Silverfern failed to perform under the Agreement, that this failure damaged ePALS, and therefore Silverfern is not entitled to fees under the Agreement. *See* Cytyrnbaum Decl. ¶¶ 6-7, 9; DiScipio Decl. ¶¶ 9-10, 12-14; Fish Aff. ¶¶ 6, 8; Wallace Aff. ¶¶ 4-6.

Dated: New York, New York
March 27, 2007

**SCHLAM STONE & DOLAN LLP**

By: _____
James C. Sherwood (JS-6391)
Andrew S. Harris (AH-1014)
26 Broadway
New York, New York 10004

4

          (212) 344-5400 (telephone)
          (212) 344-7677 (facsimile)
          E-mail: aharris@schlamstone.com

          *Attorneys for Defendant ePALS*
          *Classroom Exchange, Inc.*

5