UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
THE SILVERFERN GROUP, INC., :
:
                  Plaintiff, :    Case No. 06 CV 15404 (LBS)
:
                  v. :
:    **DECLARATION OF**
ePALS CLASSROOM EXCHANGE, INC., :    **MICHAEL CYTRYNBAUM**
:
                  Defendant. :
------------------------------------------------------------X

       Pursuant to 28 U.S.C. § 1746, **MICHAEL CYTRYNBAUM** hereby declares:

       1.     I was a member of the Board of ePALS Classroom Exchange, Inc., ("ePALS") until it merged with In2Books, Inc. ("I2B") on December 15, 2006. I make this declaration based on my own personal knowledge and submit it in opposition to Plaintiff's motion for summary judgment.

       2.     I joined the Board of Directors of ePALS in May, 2006. I was introduced to the Board by Werner K. Paulus who was also a director of ePALS and was ePAL's largest shareholder.

       3.     From the time I joined the ePALS Board until the merger with I2B on December 15, 2006, Tom Burchill was also a director of ePALS and a managing director of Silverfern. Records of ePALS indicate that Mr. Burchill had joined the ePALS Board in 2002.

       4.     The closing of the I2B/ePALS transaction was scheduled to occur on or about November 1, 2006. Shortly before the closing date, significant problems with the capital structure of ePALS were discovered, which caused the closing to be cancelled. Thousands of shares had been issued without proper authorization to ePALS' stockholders, which had the effect of making the company unsaleable until the problem was remedied. In addition, this

deficiency in the capital structure gave leverage to certain shareholders and creditors of ePALS to hold up the closing and demand better terms for themselves personally. The late discovery of the capitalization problem also gave leverage to I2B, which was able to renegotiate the terms of the deal to the disadvantage of ePALS.

5.  In my experience in mergers and acquisitions, it is the duty of the investment banker charged with selling a company to know and understand its capital structure and to identify promptly and to address any problems that may exist. Indeed, Silverfern (then known as Kiwi) stressed to ePALS the importance of an investment banker's learning its client's capital structure when identifying and reviewing potential purchaser: "A full understanding of your objectives and a total familiarity with ePal's business and current capital structure will lead naturally to the development, with your input, of a list of potential purchasers/new investors." Letter dated September 22, 2004 from Clive R. Holmes to Jonathan Ewert, annexed as Exhibit A to the Ewert Affidavit.

6.  In failing to familiarize itself with ePALS' capital structure, Silverfern failed to detect the serious problems it presented, and damaged ePALS by its gross negligence.

7.  On behalf of ePALS, I raised my complaints and criticisms of Silverfern's performance of its duties under its contract with ePALS directly to Bill Harrison, and well before the December 15, 2006 closing date. Mr. Harrison was the only person affiliated with Silverfern who participated in any material way in the I2B/ePALS transaction. I told him that Silverfern had not done its duty to its client by failing to familiarize itself with ePALS' capitalization structure and by failing to detect the serious problems that structure presented, and that its failure to do so had damaged ePALS.

8. In one conversation I had with Mr. Harrison in the fall of 2006, he told me that he was not a part of Silverfern, and that he was a contract employee hired to work on the ePALS engagement.

9. In mid-November, I participated in an ePALS Board of Director's meeting by telephone conference. I believe that Mr. Harrison and Tom Burchill, a partner in Silverfern and a director of ePALS, was also present on that call. Ed Fish, the CEO of I2B addressed the ePALS Board and told it, *inter alia*, that the existence of ePALS' capital structure problems and the fact of their late discovery had reduced the value of the deal to I2B. He also stated that the closing fees should be reduced, including that of Silverfern since it had been a party to the problems.

10. In November and early December, the ePALS' Board decided to try to reduce professional fees and other expenses incurred in the transaction. In doing so, the Board assigned Mr. Paulus and me to deal with certain professionals, including Silverfern. Mr. Paulus and I enlisted the help of Ed Fish of I2B, and authorized him to speak to Silverfern on behalf of ePALS and to attempt to settle Silverfern's claims for fees. We did this knowing Mr. Fish's views that Silverfern's performance was grossly negligent, and we authorized him to say so to Silverfern.

11. I never had a financial interest in ePALS Inc., which is the name of the company formed by the merger of ePALS and I2B on December 15, 2006.

12. For all the foregoing reasons, plaintiff's motion for summary judgment should be denied.

13. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 26, 2007

                                                                                                             _____
                                                                                                              Michael Cytrynbaum