UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
THE SILVERFERN GROUP, INC.,              :   CIVIL ACTION NO.
                                         :   06 CV 15404 (LBS)
                    Plaintiff,           :
                                         :
        v.                               :
                                         :   **AFFIDAVIT**
ePALS CLASSROOM EXCHANGE,                :
INC.,                                    :
                                         :
                    Defendant.           :
---------------------------------------------------------X

STATE OF NEW YORK  )
                   )   ss.:
COUNTY OF NEW YORK )

Lawrence E. Tofel, being duly sworn, deposes and says:

1.      I am an attorney duly licensed to practice law in the Courts of the State of New York and this Court, and a principal of Tofel & Partners, LLP, counsel herein for plaintiff The Silverfern Group, Inc. ("Silverfern"). I submit this affidavit in support of Silverfern's motion for summary judgment and, specifically, in opposition to that portion of defendant's purported "cross-motion" which seeks discovery under FRCP 56(f).

2.      Defendant's cross-motion concerning discovery should be denied. Defendant has totally failed to identify what discovery it requires of plaintiff **in order to oppose the motion**. It has opposed Silverfern's motion and made no showing, as required by FRCP 55(f), of a claimed inability to "present by affidavit facts essential to justify defendant's opposition."

{00024223.}

3. In fact, if defendant truly needed discovery to oppose plaintiff's motion, it could have sought or obtained it by now. To date, neither of defendant's two law firms which have appeared in this case have made any discovery requests of any sort. A copy of Silverfern's original complaint herein was delivered to defendant's original counsel on December 26, 2006. That firm served defendant's answer and counterclaim on January 24, 2007. Silverfern's summary judgment motion was filed on February 15, 2007. Defendant responded, not by serving discovery requests, but by substituting new counsel, who asked for and received a thirty (30) day extension of defendant's original (fifteen (15) days) time to respond to the motion, until March 27, 2007. If defendant had promptly served discovery requests following service of the motion, Silverfern's responses would have been due by now. But they did not.

4. Defendants argue that discovery requests plaintiff has served constitute a tacit admission that summary judgment cannot or should not be granted. Nonsense. As experienced litigators, we are aware that summary judgment is difficult to obtain in this Court. We are also aware that the Court may take some time to decide the motion. Thus, in the absence of any stay and to avoid further delay, prudence dictated that plaintiff serve basic discovery requests in order to further develop the baselessness and frivolousness of defendant's assertions.

WHEREFORE, Silverfern's motion should be granted in all respects, and defendant's purported "cross-motion" should be denied, together with such other and further relief as the Court may find appropriate.

{00024223.}                                              2

_____
Lawrence E. Tofel

Sworn to before me this
9th day of April, 2007

_____
Notary Public

CONCETTA DE MARIA
Notary Public, State of New York
No. 4633709
Qualified in Westchester County
Commission Expires May 31, 2010

{00024223.}                                3