UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------X

THE SILVERFERN GROUP, INC.,  :  CIVIL ACTION NO.
               :  06CV15404
      Plaintiff,   :
               :
    v.       :  **DECLARATION OF**
               :  **JONATHAN EWERT**
ePALS CLASSROOM EXCHANGE, :
INC.,             :
               :
      Defendant.  :

-----------------------------------------------X

Pursuant to 28 U.S.C. § 1746, Jonathan Ewert hereby declares:

1.  I was the Chief Executive Officer of ePALS Classroom Exchange, Inc. ("ePALS") until December 15, 2006. Based upon ePALS Board of Director approval, on behalf of ePALS I both negotiated and signed the January 4, 2005 agreement ("Agreement") between ePALS and The Silverfern Group, Inc. ("Silverfern"), pursuant to which ePALS retained Silverfern to provide investment banking services. I left the employ of ePALS on March 30, 2007.

2.  On behalf of ePALS, I understood the Agreement to provide that Silverfern would earn and be owed its fees (in addition to the retainer ePALS paid at and shortly after execution of the Agreement) in the event of any qualifying Sale as defined in Section 2 of the Agreement.

3.  During 2006, ePALS, independently of Silverfern, identified In2Books, Inc. ("In2Books") as a potential merger candidate. Information regarding In2Books was provided to Silverfern and Silverfern provided investment banking services to ePALS.

4.    To my knowledge and understanding, upon closing, Silverfern would have earned, and be entitled to be paid, a fee in accordance with the Agreement.

5.    On or about October 26, 2006, ePALS' counsel, Wilson, Sonson, Goodrich & Rosati, advised that me that it would be unable to render an unqualified opinion that all shares of ePALS were properly authorized, issued and outstanding.

6.    Silverfern had played no role in the actual authorization and issuance of ePALS shares.

7.    Because of the costs related to the merger transaction, ePALS attempted to obtain concessions from various parties, including Silverfern. Thus, on behalf of ePALS, during late November and early December, 2006, I corresponded with Silverfern in an attempt to persuade them to reduce their fee.

8.    During these conversations and communications, ePALS was merely trying to reduce the costs of the transaction.

9.    I was unsuccessful in persuading Silverfern to agree to reduce its fee.

10.    Prior to the December, 2006 merger closing neither I nor, to my knowledge, anyone else at ePALS, took any action to terminate the Agreement with Silverfern.

11.    I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 9, 2007

JONATHAN EWERT