UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE SILVERFERN GROUP, INC.,

*Plaintiff,*

- against -

ePALS CLASSROOM EXCHANGE, INC.,

*Defendant.*

Case No. 06 CV 15404 (LBS)

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S CROSS-MOTIONS FOR (1) PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM FOR ATTORNEYS' FEES AND (2) DISCOVERY PURSUANT TO FRCP 56(f)**

SCHLAM STONE & DOLAN LLP
James C. Sherwood (JS-6391)
Andrew S. Harris (AH-1014)
26 Broadway
New York, New York 10004
(212) 344-5400 (telephone)
(212) 344-7677 (facsimile)

*Attorneys for Defendant ePALS Classroom Exchange, Inc.*

Defendant ePALS Classroom Exchange, Inc. ("ePALS") submits this reply memorandum of law in further support of its cross-motions for: (1) partial summary judgment dismissing Plaintiff Silverfern Group, Inc.'s ("Silverfern") claim for attorneys' fees and expenses and (2) discovery pursuant to Federal Rule of Civil Procedure 56(f).

## PRELIMINARY STATEMENT

Silverfern responds in identical fashion to both of ePALS' cross-motions—it ignores the law and facts upon which they are based and attempts to dismiss them with a wave of the hand. Silverfern fails to address the indemnification clauses that undermine its claim for attorneys' fees and ignores unanimous case law where provisions identical to those at issue here are found to be inapplicable to litigation between the contracting parties. Silverfern does not—because it cannot—specifically address why ePALS' particular explanations of what discovery is necessary are lacking in merit. Because Silverfern fails to even address the substance of ePALS' cross-motions, let alone refute them, both cross-motions should be granted.

## ARGUMENT

### I.    SILVERFERN'S CLAIM FOR ATTORNEY'S FEES MUST BE DISMISSED

Silverfern's half-hearted attempt to save its contractual claim for attorneys' fees is unavailing. **First**, Silverfern simply wishes away the language in the indemnification section of the parties' Agreement that it does not like because such clauses "unmistakably refer to third-party claims" as ePALS showed in its opening brief. *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 199-200 (2d Cir. 2003) (internal quotations and citations omitted); *see* ePALS' Mem. at 15-16. ePALS respectfully submits that Silverfern has conceded this point.

**Second**, just as Silverfern ignores the contractual language that cannot justify its claim for attorneys' fees, so too it ignores the cases that ePALS cited in its opening brief which indicate that its claim must be dismissed. For example, in *Sequa Corp. v. Gelmin, GBJ*, 851

F.Supp. 106, 110 (S.D.N.Y. 1994), Judge Haight found that an indemnity agreement which provided coverage for claims "of any kind and nature" did not apply to claims between the indemnitor and indemnitee but only to litigation with a third-party. Applying the test articulated in *Hooper Assocs. v. AGS Computers, Inc.* ("*Hooper*"), 74 N.Y. 2d 487, 492, 549 N.Y.S.2d 365 (1989), that courts will not construe an indemnification clause to require the loser to pay attorneys' fees in litigation between the contracting parties unless "unmistakably clear" contractual language requires that result, Judge Haight explained:

> The Indemnity Agreement here does not expressly provide for indemnification of claims asserted between the parties to that agreement. Rather, the agreement's broad language—'any and all' claims 'of any kind and nature'—refers solely to the type of claims that are covered, not the identification of parties who may assert those claims. *Hooper* and *Bourne* require courts to consider the identity of the person or entity that may assert the types of claims covered by the agreement. If the claims covered refer 'exclusively' or 'unequivocally' to claims between the parties, a Court may interpret an indemnification agreement to include such claims. If not, then a court must find the agreement to be lacking evidence of the required intent.

*Id.* at 110-111, quoting *Bourne Co. v. MPL Commc'n, Inc.*, 751 F. Supp. 55, 57-58 (S.D.N.Y. 1990). The indemnification clause at issue here is virtually identical, stating that Silverfern should be indemnified "against any and all claims . . . arising out of or related to any actual proposed transaction or Silverfern's engagement. . . ."

In another case cited by ePALS, the Second Circuit found that an investment bank was not entitled to recover attorneys' fees after it successfully sued its client for breach of contract, when the indemnification provision required the client to:

> reimburse the Advisor promptly for any legal or other expenses reasonably incurred by it in connection with investigating, preparing to defend or defending, or providing evidence in or preparing to serve or serving as a witness with respect to, any lawsuits, investigations, claims or other proceedings arising in any manner out of or in connection with the rendering of services by the Advisor hereunder

2

> *(including, without limitation, in connection with the enforcement of this Agreement* and the indemnification obligations set forth herein).

*Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 199 (2d Cir. 2003) (original emphasis). As the Second Circuit explained, "the Engagement Letter requires [the client] to indemnify [the bank] for any claims, liabilities, or damages resulting from [the bank's] services, unless caused by [the bank's] gross negligence or willful misconduct. We read this section as referring only to third-party claims against [the bank]." *Id.* at 200.

Silverfern ignores cases such as these and makes exactly the same argument that courts routinely reject in following the test that the New York Court of Appeals articulated in *Hooper*, namely that Silverfern is entitled to attorneys' fees in suing its contracting counterparty because the parties' Agreement states that Silverfern is indemnified "against any and all claims." In its opening brief, ePALS stated that "Silverfern fails to cite a single case in support of this proposition, which is contrary to well established precedent." Def.'s Mem. at 14. In response, Silverfern fails yet again.

Silverfern's opposition to ePALS' motion for partial summary judgment on Silverfern's claim for attorneys' fees is ultimately frivolous, ignoring both plain language in the parties' indemnification clause and unanimous and unambiguous legal precedent. ePALS agrees with Silverfern's assertion that the indemnification clause at issue is "unmistakably clear" and therefore its meaning is ripe for summary adjudication. Pl.'s Reply Mem. at 12.

## II. BECAUSE NO DISCOVERY HAS BEEN TAKEN, THE COURT SHOULD DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT UNDER FRCP 56(f) AND ORDER THAT DISCOVERY PROCEED

Silverfern's response to ePALS' detailed 56(f) affidavit is telling: a bald denial that no discovery is necessary coupled with the improbable assertion that ePALS' counsel has been lackadaisical in not seeking discovery from Silverfern. ePALS respectfully suggests that its prior

3

memorandum of law and supporting papers indicate that ePALS' counsel has been quite diligent in the short time allotted in learning the facts of this case from review of its clients' documents and numerous interviews. As Silverfern's counsel, Mr. Tofel, notes in his affidavit, ePALS' current counsel first appeared in this case on February 22, 2007, and filed its opposition on March 27, 2007, after an extension granted over Plaintiff's objection. *See* 4/9/2007 Affidavit of Lawrence E. Tofel, Plaintiff's Counsel, ¶ 3. However, Mr. Tofel makes the unlikely suggestion that in the foregoing 33 day period, ePALS could have served discovery requests, received and reviewed full document responses to the same, taken depositions and then incorporated all relevant material in its opposition papers—and that ePALS should be penalized for the shoddy performance by its counsel in failing to do so. *See id.*; *see also* Pl.'s Reply Mem. at 12 n.10.

Silverfern fails to cite any case in support of its proposition that a court should deny a Rule 56(f) motion simply because movant's counsel did not attempt to take discovery from its opponent in the one month's space it had to oppose summary judgment. Silverfern's citation to *Lazard Frères & Co. v. Crown Sterling Mgmt., Inc.*, 901 F. Supp. 133 (S.D.N.Y. 1995) is inapposite. Judge Cederbaum explained that defendant's Rule 56(f) affidavit was insufficient because: (1) after failing to plead fraud with particularity as required by Rule 9(b), defendant asked for discovery regarding the misrepresentations plaintiff made to it, of which defendant should have already had knowledge if they occurred; and (2) defendant only gave a "vague and formulaic recital" of the discovery it needed as to plaintiff's performance. *Id.* at 137. Neither finding has a parallel here to ePALS' Rule 56(f) motion as indicated by its previous Rule 56(f) Affidavit and its Rule 56(f) Reply Affidavit of James C. Sherwood ("56(f) Reply Aff."), dated April 13, 2007, ¶ 4(a)-(e), to which we respectfully refer the Court.

4

Silverfern's reply papers only highlight the need for this case to proceed to discovery by creating more disputed issues of fact and unresolved issues. For example, Silverfern refers to the terms of the November 28 Merger Agreement in its papers as indicating that ePALS agreed to pay Silverfern its fees upon closing of the merger. *See* Pl.'s Reply Mem. at 4-7, 8 n.7, 12; *see also* 4/9/07 Affidavit of Thomas F. Burchill ("Burchill Aff.") ¶¶ 5, 8. But it is unknown how and why the terms referring to Silverfern's payment appeared in the Merger Agreement or whether they were meant to benefit Silverfern despite explicit language therein stating that the Agreement is not meant to create any benefits or rights in a third party. *See* Merger Agreement at ¶ 9.13 ("Third Party Beneficiaries") on p. 55, attached as Ex. C to Burchill Aff.

Silverfern claims that ePALS' affidavits consist of "conclusory, uncorroborated, and unsubstantiated self-serving claims"—however, its own affidavits excite rather than quiet disputed issues of material fact. Pl.'s Reply Mem. at 6. Mr. Burchill's Affidavit, which flatly contradicts the affiants for ePALS, does not entitle Silverfern to a credibility determination on summary judgment in favor of its version of the facts. *See* Burchill Aff. ¶¶ 4-8. Rather, Mr. Burchill's affidavit has precisely the opposite effect of highlighting the controversy over the single factual allegation on which Silverfern's summary judgment motion rests—whether or not Silverfern was given notice of its gross negligence before the merger closing so that ePALS preserved its ability to recover for damages from that deficient performance. *See* Letter Agreement, Section 7, attached as Ex. A to the Amended Complaint.

Issues of credibility determination that cannot now be decided are also raised by the 4/9/2007 Affidavit of Mr. Ewert, the former CEO of ePALS, who, after submitting an affidavit for ePALS as to the meaning of his December 1, 2006 letter to Clive Holmes, now submits an affidavit for Silverfern—just nine days after his involuntary departure from ePALS—to re-

5

explain what the same letter really means and whether or not it supports Silverfern's claim for an account stated. Mr. Ewert also states that "Silverfern had played no role in the actual authorization and issuance of ePALS shares," which, if true, creates a mystery as to why Silverfern highlights on its website that its personnel had a role in the same ePALS' share issuances which were not duly authorized. *See* Ewert Aff. ¶ 6; *compare* Silverfern website page, www.silfern.com/transactions/CorpFinTransactionsAug2006.pdf (last visited April 13, 2007) attached as Ex. A to 56(f) Reply Aff. Edmund Fish, the former CEO of In2Books, Inc., testifies that he told Clive Holmes, the CEO of Silverfern, that "his firm's website reflected that his firm helped with some of the very stock issuances that were unauthorized," to which Silverfern has not responded. *See* Affidavit of Edmund Fish in Opposition to Silverfern's Summary Judgment Motion, dated March 27, 2007, ¶ 8 [Doc. No. 22]. In addition, irresolvable credibility issues are raised by Silverfern's failure to provide affidavits from key players in support of its reply— namely, from Bill Harrison, who performed all the substantive work for Silverfern on the merger including presenting ePALS' capitalization tables to In2Books, and to whom ePALS' affiants claim they criticized Silverfern's performance; as well as no rebuttal from Mr. Holmes, whose version of events stands in direct contradiction to the version afforded by ePALS' affiants.

Finally, despite Silverfern's bluster that there are **no** factual disputes, perhaps it is most telling that Silverfern itself also requests discovery pursuant to Rule 56(f) if the indemnification clause in the parties' contract is found to be ambiguous. *See* Pl.'s Reply Mem. at 13 n.11. Perhaps, this is Silverfern's grudging recognition that it is premature to adjudicate this case before any discovery has been taken.

## CONCLUSION

For the reasons stated herein, the Court should grant ePALS' cross-motions: (1) for partial summary judgment that Silverfern is not contractually entitled to recover attorneys' fees and costs in this action and (2) for discovery pursuant to Rule 56(f), and grant to ePALS such other and further relief as it deems appropriate.

Dated: New York, New York
April 13, 2007

> Respectfully submitted,
> **SCHLAM STONE & DOLAN LLP**
>
> By: _____
> James C. Sherwood (JS-6391)
> Andrew S. Harris (AH-1014)
> 26 Broadway
> New York, New York 10004
> (212) 344-5400 (telephone)
> (212) 344-7677 (facsimile)
>
> *Attorneys for Defendant ePALS Classroom Exchange, Inc.*

7